**Littler Mendelson, PC**
290 Broadhollow Road
Suite 305
Melville, NY  11747

April 16, 2015

Amy Ventry-Kagan
631.247.4712 direct
631.247.4700 main
631.956.9131 fax
aventry@littler.com

**VIA ECF**

The Honorable Leonard D. Wexler
United State District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>Garry Andreano v. NBTY Manufacturing New York, Inc.</u>
              15-cv-0867 (LDW) (AKT)

Dear Judge Wexler:

      This firm represents the Defendant NBTY Manufacturing New York, Inc. (hereinafter "NBTY" or "Defendant") in connection with the above-referenced matter.  We write, in accordance with Section 2.B of Your Honor's Individual Motion Practice and Rules to respectfully request a pre-motion conference concerning Defendant's request to file a motion to dismiss the Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6), and/or a motion for a more definite statement, pursuant to Rule 12(e).

      Plaintiff was employed by NBTY as a packaging supervisor, which NBTY classifies as an exempt position.  Individuals in this position are not eligible for overtime compensation, although they are paid additional compensation in the form of a straight hourly rate for any hours worked in excess of 45 hours in a given workweek.  Shortly after his termination on February 10, 2015, Plaintiff brought the instant lawsuit asserting claims for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Specifically, Plaintiff alleges that he "regularly worked 45 hours a week" and "was not paid time and a half his regular rate of pay for all hours that he worked in excess of 40 each week."  Plaintiff's Complaint ("Compl."), ¶¶ 29-30.

      The conclusory and threadbare recitals contained in Plaintiff's Complaint are insufficient, as a matter of law, to state an overtime claim under either the FLSA or the NYLL.  Indeed, the law in this Circuit is quite clear that, to state a plausible overtime claim and avoid dismissal, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  Moreover, the Complaint must also precisely allege when the employee worked more than 40 hours and the Second Circuit has found that a Plaintiff may not circumvent this obligation by claiming he "regularly" did so.  *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 199-200 (2d Cir. 2013) (collective action

The Honorable Leonard D. Wexler
April 16, 2015
Page 2

plaintiffs' allegations that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours" did not support a reasonable inference that they worked more than forty hours in any particular week).  Thus, Plaintiff's claim that he "regularly worked 45 hours" without identifying a single week in which he actually did so fails to satisfy his minimal pleading obligation.  *Bustillos v. Academy Bus, LLC*, 2014 WL 116012, at *3 (S.D.N.Y. 2014) (dismissing FLSA overtime claim for lack of specificity despite Plaintiff's allegation that he "would regularly work from 60 to 90 hours per week"); *Casci v. National Financial Network, LLC*, 2015 WL 94229, at *3 (E.D.N.Y. Jan. 7, 2015) (dismissing overtime claim where Plaintiff allegedly "worked in excess of forty (40) hours in certain weeks" because the Court could not "reasonably infer that he worked more than forty hours in any 'given' work week" and the "allegations that plaintiff 'occasionally' or 'sometimes' worked overtime d[id] nothing more than conform to the 'all-purpose pleading template" prohibited under controlling Second Circuit case law).

      Because the Complaint fails to plausibly plead a claim for unpaid overtime under the FLSA and/or NYLL, Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6).  Alternatively, at a minimum, Defendant is entitled to a more definite statement setting forth the factual bases to support Plaintiff's claims.  Prior to filing this pre-motion conference request, we advised Plaintiff's counsel of our belief that the Complaint was subject to dismissal and invited Plaintiff to file an amended complaint to conform to the requirements of *Lundy* and its progeny.  Plaintiff's counsel declined to do so.

      Based upon the foregoing, Defendant respectfully requests a pre-motion conference or, in the alternative, permission to file its motion.  We thank you in advance for your consideration of this request.

Respectfully submitted,

*Amy Ventry-Kagan*

Amy Ventry-Kagan

cc:    Magistrate A. Kathleen Tomlinson
       Neil Greenberg, Esq. (via ECF)