UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GARRY ANDREANO,

                              Plaintiff,                    MEMORANDUM AND ORDER

        -against-                                            CV 15-867 (LDW) (AKT)

NBTY MANUFACTURING NEW YORK, INC.,

                              Defendant.
-------------------------------------------------------------X
WEXLER, District Judge

        Plaintiff Garry Andreano ("Andreano") brings this action against defendant NBTY

Manufacturing New York, Inc. ("NBTY"), asserting claims for violations of the Fair

Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  NBTY moves for

summary judgment under Rule 56 of the Federal Rules of Civil Procedure ("FRCP").

Andreano opposes the motion.[1]


                                        I.

        NBTY is a manufacturer and distributor of vitamins and nutritional supplements.

NBTY maintains manufacturing and warehouse facilities in Bohemia, New York, where

Andreano worked as a packaging supervisor.  Andreano, who was paid on a salary basis,

claims that he was not paid overtime compensation during the time period from February

---

[1]The Court denies NBTY's request that the Court not consider Andreano's opposing
papers because they were served three days late, as there appears to have been no significant
prejudice to NBTY from the late service.

2009 to February 2015, in violation of the FLSA and NYLL.  NBTY contends that Andreano was exempt from any overtime requirements.

## II.

On a motion for summary judgment, the moving party has the burden of establishing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FRCP 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In defending against a motion for summary judgment, the nonmoving party may not rely on mere allegations, but must submit some evidence, by affidavits or otherwise, showing a genuine dispute of material fact.  *See* FRCP 56(c); *Anderson*, 477 U.S. at 249.  The court's responsibility is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party."  *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

## III.

Under the FLSA and NYLL, employers generally must pay an employee at a rate of "not less than one and one-half times the regular rate at which he is employed" for any hours worked in excess of forty hours in a given week.  *See* 29 U.S.C. § 207(a)(1); N.Y.

Lab. Law §§ 650 *et seq*.; 12 N.Y.C.R.R. § 142-2.2 (adopting FLSA overtime provision and exemptions).  However, this general rule does not apply to "any employee in a bona fide executive . . . capacity."  *Id.* § 213(a)(1); N.Y. Lab. Law § 651(5)(c).  As the parties agree, an employee falls within this so-called "executive exemption" if (1) he is compensated by a salary of at least $455 per week under the FLSA (and more than $543.75 per week under the NYLL); (2) his primary duty is managing the employer's enterprise or a customarily recognized department or subdivision thereof; (3) he customarily and regularly directs the work of two or more other employees; and (4) he has the authority to hire or fire other employees or his suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  *See* 29 C.F.R. 541.100(a); 12 N.Y.C.R.R. § 142-2.14(c)(4)(i).  As for the primary-duty factor, applicable regulations define "primary duty" as the "principal, main, major or most important duty," determined by considering: (1) the relative importance of an employee's exempt duties as compared with other types of duties; (2) the amount of time the employee spends performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.  *See* 29 C.F.R. § 541.700(a); *Clougher v. Home Depot U.S.A., Inc.*, 696 F. Supp. 2d 285, 290 (E.D.N.Y. 2010).  As for the hire-or-fire factor, determining whether an employee's suggestions and recommendations are given

"particular weight" entails consideration of factors such as "whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon." *See* 29 C.F.R. § 541.105. Notably, "because the FLSA is a remedial act, its exemptions, such as the 'bona fide executive' exemption . . . , are to be narrowly construed," and the employer bears the burden of proving the applicability of the exemption. *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991); *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010).

NBTY maintains that the undisputed evidence establishes that Andreano was properly classified as exempt, as he was a well-compensated packaging supervisor, whose primary responsibility was managing a discrete unit of packaging employees. According to NBTY, the record establishes, *inter alia*, that Andreano spent most of his time performing management work, that he did so relatively free from direct supervision, that his compensation significantly exceeded that of his subordinates, that he supervised numerous other employees, and that his suggestions/recommendations directly impacted the employment status of permanent associates (including whether associates passed through probation or were terminated).

In response, Andreano maintains that the record contains evidence showing, *inter alia*, that he did not manage a unit of the packaging department, that his primary duty was

not management, that he was the lowest-level supervisor in the packaging department, that he spent most of his time working on the packaging line performing manual labor, and that he had no authority to hire or fire employees permanent associates or set schedules or pay rates.  Andreano further maintains that the evidence shows that he never used his independent judgment and discretion to determine whether a new associate should pass probation, and that, in any event, NBTY fails to show that any informal suggestions he may have provided were actually given particular weight.

Upon consideration, the Court finds that genuine disputes of material fact exist as to the applicability of the "executive exemption" in this case, thus precluding the entry of summary judgment.  *See* FRCP 56(a).  The record demonstrates that this fact-intensive inquiry requires a trial.  Accordingly, NBTY's motion for summary judgment is denied.

IV.

For the above reasons, NBTY's motion for summary judgment is denied.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      July 21, 2016